PHIFER, et al. *v.* McCARTER, ADMR., c.t.a. OF ESTATE

OF MOSE PHIFER, DECEASED.

No. 39380 December 6, 1954 76 So. 2d 258

416

*H. T. Carter,* Columbus, for appellants.

*Wm. G. Burgin, Jr.,* Columbus, for appellees.

ROBERDS, P. J.

This is a will contest. It was heard by the chancellor by agreement. He held the will to be valid. Contestants appeal.

The instrument is dated January 8, 1951, and purports to be the last will and testament of Mose Phifer, who departed this life May 29, 1953. It devised and bequeathed one hundred acres of land located in Lowndes County, Mississippi, and all personal property he might own at the time of his demise, to Lillie Allen, Maggie C. McCarter and Mary Bell McCarter in the respective proportions stated in the will.

Certain heirs of Phifer contested the validity of the instrument as a will on the grounds "* * * that the said purported will was not executed in the presence of the three subscribing witnesses to said will and in the presence of the testator Mose Phifer, deceased, and in the presence of each other."

Section 657, Miss. Code 1942, requires a written nonholographic will to be signed by the testator, or by another for him at his request and in his presence, and that it "be attested by two or more credible witnesses in the presence of the testator or testatrix." It will be noted the statute does not require testator to sign in the presence of the witnesses, nor the witnesses to sign in the presence of each other. On these questions it is shown, without dispute, that Bridges, one of the witnesses, did not sign in the presence of the testator, nor did he know whether Phifer had signed the instrument, nor whether it was a will. He may be disregarded. But it is also not in dispute that McCarter and Rice, the other two witnesses, did sign in the presence of the testator and in the presence of each other. That leaves for determination the narrow question whether or not Rice, when he attached his signature to the instru-

ment, knew, or understood, from all of the circumstances that Phifer had attached his signature to the instrument as a will.

Mack McCarter testified he had known Phifer 45 years; that Phifer came to his home; that he and Rice were on his front porch; that Phifer had the will in his hand; exhibited it; said it was his will, and asked the two to sign as witnesses; that he, McCarter, demurred, saying he would not sign anything without reading it. Phifer told him to read it aloud, he did, including the printed letterhead part appearing on the paper on which the will was written; and when he got to the end he saw the signature of Phifer and called out ''Mose Phifer.'' This was done in the presence of testator and Rice. McCarter said he knew it was a will and he knew the signature was the writing of Mose Phifer. Mose gave him a pen and he signed it as a witness and handed both back to Mose; who, in turn, handed both to Rice. Rice then and there, in the immediate presence of both McCarter and the testator, signed his name to the instrument as an attesting witness, and he then handed both the will and the pen back to Phifer. McCarter said that Phifer tried to record the will but the clerk told Phifer he couldn't do that during Phifer's lifetime. Later he saw the will at the home of Phifer; that Phifer got sick and thought he was not going to live and he gave the will to McCarter and told him to keep it and after his demise to deliver it to Lillie, Maggie and Mary Bell; witness kept the will about six months; Phifer's health got much better and witness returned the will to testator. Phifer placed the will in his trunk and told the witness to get it out of the trunk after testator's death, which the witness did.

Rice testified he knew Phifer well; had known him for 14 years; they lived in the same neighborhood; that he was at the home of Mack McCarter; that he and McCarter were on the front porch of the residence, when Phifer came up and produced a paper; said it was his

will and he wanted Rice and McCarter to sign it as witnesses; that McCarter hesitated, saying he would not sign anything without first reading it and knowing what it was; that Phifer told McCarter to read it, McCarter did read it aloud, including the printed letterhead part appearing thereon, and at the last McCarter called out the name "Mose Phifer" as appearing at the bottom of the instrument; Mack McCarter then and there signed the instrument; he then handed both the will and the pen back to Phifer, who, in turn, handed both to the witness, and asked him to attest it; he signed his name thereto opposite the word witness, and handed the will and pen back to Phifer; that he knew it was the will of Phifer; that he saw Phifer's signature at the bottom but he was not familiar with his signature and did not know of his own knowledge it was Phifer's signature; that he signed the instrument as an attesting witness. The doubt about the testimony of this witness results from a statement made by him, taken down by the secretary of counsel for contestants, in which he said he did not see Phifer sign the will and did not know whether he had signed it, and in one place said he did not know whether Phifer had attached his signature before the witness signed. Witness was placed upon the stand by contestants. After identifying the statement he had previously made, and in response to further questions by counsel for contestants, he modified the former statement somewhat by saying "I didn't see him sign it." He further said "I didn't know whether that was his name or not because I didn't read it." But he also said that Mack McCarter when he read the will aloud called out at the end thereof "Mose Phifer." He said "Mack called his name." Finally, he said the will, when exhibited to him as a witness upon the stand, was in the same condition it was when he signed it. The will then had the name "Mose Phifer" attached at the end. He further said, when on the stand, he saw the signature but didn't pay particular attention to it, and repeated that Mack McCarter,

when reading the will aloud, said, when reaching the end, "Mose Phifer." It will be recalled that McCarter testified positively the name of the testator was attached when the will was handed to him by Phifer and that Phifer said to both witnesses the instrument was his will and requested them to sign it as witnesses.

In Maxwell v. Lake, et al, 127 Miss. 107, 88 So. 326, this Court said, "It is true that it is not necessary in this state for the witnesses to see the testator sign the will, but, if he does not sign in their presence, there must be something to call the witnesses' attention to the fact that it is his will, or that it is his signature, or something to show the witness the purpose for which the signing is requested. The Court does not require any particular form of words to be used by the testator, but he must indicate in some way so as to inform the witnesses as to the purpose of their signing the will." That rule was quoted, and again approved, in Kennard v. Evans, 218 Miss. 176, 65 So. 2d 285.

 Applying that rule to the facts of this case we think the learned chancellor was correct. Phifer had already signed the will. His signature appeared at the end thereof. The will had been prepared by an official of the Bank of Crawford upon the stationery of that corporation. Phifer produced it, exhibited it to McCarter and Rice, told them it was his will, and requested them to sign it as such. McCarter read the will aloud, including the signature of the testator, all in the presence of testator and Rice, and both witnesses then and there attached their signatures to the instrument knowing it was the will of Phifer and knowing his signature appeared thereto as the maker of the will; besides, the witnesses testified the will was in the exact condition when they signed it as it was exhibited to them when witnesses on the stand.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.